Yan v. Lynch

BIA
Vomacka, IJ
A089 114 638

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of January, two thousand seventeen.

PRESENT:
        GUIDO CALABRESI,
        JOSÉ A. CABRANES,
        RAYMOND J. LOHIER, JR.,
                *Circuit Judges.*
_____

MEI QING YAN, AKA YAN-MEI QING,
        *Petitioner,*

        v.                                          15-3734
                                                    NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:         Thomas Ogden, Alhambra, California.

FOR RESPONDENT:         Benjamin C. Mizer, Principal Deputy
                        Assistant Attorney General; Anthony
                        P. Nicastro, Assistant Director;
                        Drew C. Brinkman, Trial Attorney,
                        Office of Immigration Litigation,
                        United States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mei Qing Yan, a native and citizen of the People's Republic of China, seeks review of an October 22, 2015, decision of the BIA affirming a March 26, 2014, decision of an Immigration Judge ("IJ") denying Yan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Qing Yan,* No. A089 114 638 (B.I.A. Oct. 22, 2015), *aff'g* No. A089 114 638 (Immig. Ct. N.Y. City Mar. 26, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent

2

plausibility of the applicant's . . . account," and inconsistencies in the record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  Substantial evidence supports the agency's determination that Yan was not credible as to her claim that Chinese family planning officials forced her to abort a pregnancy.

The IJ reasonably relied on Yan's evasive and unresponsive answers on cross-examination, which are reflected in the record.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).

This demeanor finding and the overall credibility determination are bolstered by record inconsistencies regarding whether Yan had two abortions (one forced and one voluntary) as a result of China's family planning policy or only one.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-67 & n.3. Yan explained that she failed to mention her second abortion in her asylum application or on direct examination because it was voluntary and thus not as relevant.  The IJ was not compelled to credit that explanation because Yan's second

3

abortion was directly relevant to her claim given her testimony that she had the abortion due to officials' earlier threats to forcibly terminate any future pregnancies.  *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a 'plausible' explanation for his inconsistent statements to secure relief; 'he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.'" (quoting *Zhou Yun Zhang v. INS*, 386 F.3d 66, 76 (2d Cir. 2004))).  Furthermore, Yan included less relevant information in her written statement.

The agency also did not err in relying on Yan's testimony that she married her second husband in order to enter the United States and never saw him again after U.S. immigration authorities denied her a visa for lack of a bona fide marriage. This testimony indicated Yan's willingness to lie to obtain U.S. immigration benefits.  *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

Having questioned Yan's credibility, the agency reasonably relied further on her failure to corroborate her testimony with a statement from her husband.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  Her husband had first-hand knowledge of certain aspects of her claim, and his unlawful status did not prevent him from submitting an affidavit or

4

testifying on her behalf.  *See Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011)

Given the demeanor, inconsistency, and lack of corroboration findings, the agency's adverse credibility determination is supported by substantial evidence.  8 U.S.C. § 1158(b)(1)(B)(iii).  That determination is dispositive of Yan's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk